# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | Lead Case No. 14-02831-als11 |
| ) | |
| **GRETTER AUTOLAND, INC.** ) | Chapter 11 (Joint Administration) |
| ) | |
| Debtor and Debtor in Possession. ) | Hon. Anita L. Shodeen |
| ) | |
| 201 Airport Road ) | **OFFICIAL UNSECURED CREDITORS'** |
| Washington, IA  52353 ) | **COMMITTEE'S MOTION FOR ORDER** |
| ) | **CONVERTING CHAPTER 11 CASE TO** |
| EIN:  20-8695006 ) | **A CASE UNDER CHAPTER 7** |
| ) | |
| ) | No Hearing Set |
| ) | |
| And Affiliated Cases ) | |
| ) | |

**COMES NOW** the Official Unsecured Creditors' Committee ("OUCC"), duly appointed in the above-entitled case, by and through its duly-employed OUCC Counsel, Jeffrey D. Goetz, Esq., of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and respectfully moves this Court for an order converting the instant Chapter 11 case of Gretter Autoland, Inc. (the "Debtor") to a case under Chapter 7, and in support thereof, would respectfully show this Honorable Court as follows:

    1.    The Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code on December 1, 2014 (Docket Item 1).

    2.    On December 12, 2014, the Office of the United States Trustee ("UST") filed a Motion to Dismiss (Docket Item 37).

    3.    On December 31, 2014, the Debtor filed its first Motion to Sell Free and Clear Pursuant to Section 363(f) (Docket Item 50).

4. On January 7, 2015, the Office of the United States Trustee ("UST") filed its Notice Appointing Creditor Committee (Docket Item 58). On February 4, 2015, the OUCC filed its Application to Employ Donald F. Neiman, Esq., Jeffrey D. Goetz, Esq. and the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C. as Counsel to the OUCC (Docket item 72), said Application being approved by Docket Text Only Order on March 3, 2015 (Docket Item 97).

5. The Court held a Bankruptcy Code Section 105(d) Status Hearing on February 10, 2015 and entered an Order deeming the Debtor's prior sale motion moot and ordered the Debtor to file a new sale motion by February 17, 2015. (Docket Item 77).

6. On February 12, 2015, Ally Financial ("Ally"), the Debtor's largest secured creditor, filed its Motion for Relief from Stay (Docket Item 78). Hearing on Ally's Motion for Relief from Stay is currently scheduled for March 27, 2015. (Docket Item 105).

7. On February 17, 2015, the Debtor filed its Second Motion for Order Approving Sale of Substantially All of the Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances, and for Other Related Relief (the "Second Sale Motion"). (Docket Item 84). On February 18, 2015, the Court entered its Order setting the Second Sale Motion for hearing on March 27, 2015 at 9:00 a.m. in Courtroom 1 (Docket Item 87).

8. On February 19, 2015, the UST filed its Objection to the Second Sale Motion. (Docket Item 90). On March 4, 2014, Washington State Bank filed a Response to the Second Sale Motion (Docket Item 98). On March 17, 2015, the Debtor filed an Amendment to its Second Sale Motion, and attached an Asset Purchase Agreement (Docket Item 106).

9. Filed contemporaneously with this Motion, the OUCC has filed its Limited Objection to the Second Sale Motion. Although generally supportive of a quick sale of substantially all of the Debtor's assets, the OUCC is adamant that if the Second Sale Motion is

2

not approved by the Court at the March 27, 2015 hearing, this pending Chapter 11 case should immediately be converted to a case under Chapter 7. In the alternative, if the Court approves the Debtor's Second Sale Motion, the OUCC is equally adamant that the Chapter 11 case should be converted to a case under Chapter 7 within forty eight (48) hours after consummation of any proposed sale.

10. Bankruptcy Code Section 1112(b)(1) states:

> Except as provided in Paragraph (2) and subsection (c), on request of a party in interest, and after notice and hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11. The OUCC is informed and believes and thereupon alleges that cause for conversion of the instant case exists under Bankruptcy Code Sections 1112(b)(4)(A), (B), (F) and (I). Specifically:

    A) There is a substantial and continuing loss to or diminution of the Bankruptcy Estate and there is no reasonable likelihood of rehabilitation, as evidenced by the Debtor's UST Monthly Operating Reports;

    B) Prior to and during the instant Bankruptcy Case, the Debtor engaged in gross mismanagement of the Bankruptcy Estate, as evidenced by the Debtor selling cars and trucks "out of trust";

    C) Unexcused failure to satisfy timely filing and reporting requirements, as evidenced by late filings of the Debtor's UST Monthly Operating Reports;

    D) Failure to pay its 4th Quarter UST Quarterly Fees;

    E) The Debtor has failed to timely pay its real estate property taxes;

      F)      The Bankruptcy Estate is administratively insolvent;

12. The OUCC is informed and believes and thereupon alleges the Debtor does not now generate any significant revenue or income from operation of its business, nor has it for the majority of its time in this Chapter 11 case. The OUCC is further informed and believes and thereupon alleges that the only reason the Debtor has been able to pay its utilities, payroll and taxes is because Washington State Bank has been loaning money to the Debtor's principal, in his individual capacity, and Mr. Gretter has been providing said funds to the Debtor on an ostensibly unsecured basis, with no expectation of being repaid.

13. If the Second Sale Motion, as Amended, is approved, and a sale is consummated, it is contemplated that there will be only approximately $50,000 in cash left in the Bankruptcy Estate. Assuming that is correct, the Bankruptcy Estate will continue to be overwhelmingly administratively insolvent, with absolutely no possibility, reasonable or otherwise, to rehabilitate, let alone timely file a disclosure statement and plan.

14. The OUCC is further informed and believes and thereupon alleges the Debtor's principals are not qualified, nor should they be authorized, to control the Debtor after consummation of a sale of the Debtor's assets, based on their pre-petition gross mismanagement, if not outright fraud, resulting in the sale of over 50 vehicles out-of-trust, in an amount exceeding three million dollars ($3,000,000.00)

15. If the Court approves the Debtor's Sale Motion, the OUCC is informed and believes and thereupon alleges that cause for conversion exists after consummation of the sale for the above stated reasons. The OUCC is not opposed to the sale of substantially all of the Debtor's assets if the case is converted to a Chapter 7. The net proceeds from the sale of substantially all of the Debtor's assets will flow to administrative claims and unsecured creditors

in a Chapter 7. If, however, the case remains in a Chapter 11, the proceeds from the sale will be diminished and the unsecured creditors will not receive any of the proceeds.

16. The OUCC would allege that it is in the best interests of creditors and the Bankruptcy Estate, and cause exists, to immediately convert the instant Chapter 11 case to a case under Chapter 7 if the Court does not approve the Debtor's Second Sale Motion on March 27, 2015. In the alternative, if the Court approves the Debtor's Second Sale Motion, the OUCC would allege that it is in the best interests of the creditors and the estate, and cause exists, to convert the instant Chapter 11 case to a case under Chapter 7 immediately and within forty eight (48) hours after consummation of such a sale. Finally, the OUCC requests that the Debtor's Second Sale Motion, if approved by the Court, be conditioned on the Chapter 11 case being converted to a case under Chapter 7 within forty eight (48) hours after consummation of the sale.

**WHEREFORE**, the OUCC respectfully requests the Court enter an Order granting the instant Motion and convert the instant Chapter 11 case to a case under Chapter 7 and for such other and further relief as is just and equitable under the circumstances.

Dated: 3/18/2015

*/s/ Jeffrey Goetz*
Jeffrey D. Goetz, Esq., IS# 9999366
Bradshaw Fowler Proctor & Fairgrave, PC
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com

Counsel to the OUCC

CERTIFICATE OF SERVICE: This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

*/s/      Barbara G. Warner*