IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: GRETTER AUTOLAND, INC., <br><br> Debtor. | Case No. 14-02831als[1] <br><br> Chapter 11 |

**DEBTOR'S CONCURRENCE WITH CREDITORS'
COMMITTEE'S MOTION FOR RECONSIDERATION ON THE
COURT'S ORDER TO CONVERT**

COMES NOW the Debtor, Gretter Autoland, Inc. (the "Debtor"), by and through its attorneys, Bradley R. Kruse and the law firm of Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., and for its Concurrence with the Creditors' Committee's Motion for Reconsideration on the Court's Order to Convert and Motion for Expedited Hearing, respectfully states as follows:

1. At the close of the hearing on the Debtor's Motion for Order Approving the Sale of Substantially All of the Debtor's Assets, on the Objections thereto, and on the Motion to Convert [Docket No. 114] (the "Motion to Convert") filed by the Official Unsecured Creditors' Committee (the "Committee"), the Court ordered, among other things, that the case would be immediately converted and a Chapter 7 Trustee immediately appointed after the entry of the Order approving the proposed sale [Docket No. 137].

2. The Committee has filed a Motion for Reconsideration on the Court's Order to Convert and Motion For Expedited Hearing [Docket No. 133] (the "Motion for

---

[1] Jointly Administered with: *In re Gretter Ford Mecury, Inc.*, Case No. 14-02832-als; and *In re Gretter Chevrolet*, Case No. 14-02833-als.

1

Reconsideration"), whereby the Committee has requested that conversion of the case to Chapter 7 and the appointment of a Trustee occur "**after** the consummation and closing of the Asset Purchase Agreement, and within 48 hours of consummation of such sale."

3.   The Debtor concurs with and supports the Committee's Motion for Reconsideration. Although the Debtor argued against any conversion of the case at the hearing held on March 27, 2015, the Debtor agrees that conversion following the consummation and closing of the sale of the Debtor's assets is far more preferable to a conversion occurring immediately after the entry on an order approving the sale, as the latter would jeopardize the contemplated sale of the Debtor's assets.

4.   The timing of the conversion requested in the Committee's Motion for Reconsideration is the same as it requested in its Motion for Conversion.

5.   For the reasons stated in the Committee's Motion for Reconsideration, the Debtor believes that a conversion and appointment of a Chapter 7 Trustee upon entry of an order approving the sale would jeopardize the eventual consummation and closing of the sale.

6.   In addition to the reasons noted in the Committee's Motion for Reconsideration, the Debtor notes (as was discussed at the March 27, 2015 hearing) that its operating expenses are currently being funded by advances made on a letter of credit by Washington State Bank to Tom Gretter who, in turn, has loaned the sums so advanced to the Debtor.

7.   Upon information and belief, conversion of the case to a Chapter 7 would terminate the letter of credit and leave the Debtor without sufficient operation funds to keep its business open. A closure of the Debtor's business prior to closing of the sale would further jeopardize the contemplated sale of the Debtor's assets.

WHEREFORE, the Debtor respectfully requests that the Court: a) grant the Committee's Motion for Reconsideration; b) order that conversion of the case and appointment of a Chapter 7 Trustee not take place until after the consummation and closing of the sale of the Debtor's assets; and c) that the Court grant the Debtor such other and further relief as the Court deems equitable and just under the circumstances.

Respectfully submitted March 30, 2015

*/s/ Bradley R. Kruse*
Bradley R. Kruse
BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2460
Facsimile:   515-323-8560
E-mail:  kruse@brownwinick.com

ATTORNEYS FOR THE DEBTOR

CERTIFICATE OF SERVICE

On March 30, 2015, this document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

*/s/ Bradley R. Kruse*