IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: GRETTER AUTOLAND, INC.,<br><br>Debtor. | Case No. 14-02831als[1]<br><br>Chapter 11 |

## DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN EXECUTORY CONTRACT WITH FORD MOTOR COMPANY PURSUANT TO 11 U.S.C. § 365

COME NOW Gretter Autoland, Inc., Gretter Ford Mercury, Inc., and Gretter Chevrolet

Company, the debtors and debtors-in-possession herein (collectively, "Gretter" or the

"Debtor"), by and through their duly-employed General Reorganization Counsel, Bradley R.

Kruse of the law firm of Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C.

and pursuant to § 365 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the

"Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and hereby move this Court for entry of an order authorizing the

assumption and assignment of the executory contract with Ford Motor Company (the

"Motion"). In support of this Motion, the Debtor state as follows:

### JURISDICTION AND VENUE

1.     On December 1, 2014 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under Chapter 11 of the Bankruptcy Code. Subsequently, the Debtors filed motions to

jointly administer the cases pursuant to Rule 1015(b) of the Bankruptcy Rules. On January 6,

---

[1] Jointly Administered with: *In re Gretter Ford Mercury, Inc*., Case No. 14-02832-als; and *In re Gretter Chevrolet*, Case No. 14-02833-als.

1

2015 this Court entered its Order [Docket No. 54] authorizing the joint administration of the

Debtors' bankruptcy cases. The Debtor is currently operating its business and managing its assets

as a debtor in possession, pursuant to Bankruptcy Code §§ 1107 and 1108.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for relief sought herein

include Section 365 of the Bankruptcy Code and Rules 6006 and 9014 of the Bankruptcy Rules.

## FACTUAL BACKGROUND

3.      On February 17, 2015, the Debtor filed its *Motion for Order Approving*

*Substantially All of the Debtor's Assets, Free and Clear of all Liens, Claims and Encumbrances,*

*and for Other Related Relief* [Docket No. 84] and subsequently amended said motion on

March 17, 2015 [Docket No. 106] (collectively the "Sale Motion").

4.      The Court held a hearing on the Sale Motion (as amended) on March 27, 2015, and

entered an Order regarding said hearing on March 30, 2015 [Docket No. 134].  Pursuant to the

Court's Order of March 30, 2015 an auction was held with respect to the Debtor's Sale Motion on

April 1, 2015.

5.      Following the auction, the Court entered an Order of April 2, 2015 [Docket No.

148], approving the Debtor's Sale Motion to sell substantially all of the Debtor's assets pursuant

to Section 363(f) of the Bankruptcy Code to Edwards Auto Plaza ("Edwards") for the amount of

$1,560,000 (the "Sale") pursuant to the terms of the Asset Purchase Agreement entered into

between the Debtor and Edwards, as amended (the "APA").

6.      Since the entry of the Court's order at Docket No. 148, Edwards has designated a

2

newly created entity, Edwards Washington, Inc., as the entity that will hold the Debtor's

operating assets following the closing of the Sale.

7.      Following the auction, the Debtor has consulted with Edwards regarding any

executory contracts that Edwards wishes to retain and Edwards has requested and directed the

Debtor to assume and assign to Edwards Washington, Inc. that certain executory contract entitled

"Ford Sales and Service Agreement" dated October 31, 1997, together with any addenda and

amendments thereto, by and between Ford Motor Company and Gretter Ford-Mercury, Inc. (the

"Assumed Contract").  A true and accurate copy of the Assumed Contract is attached hereto as

Exhibit A.

**RELIEF REQUESTED**

8.      By this Motion and for the reasons set forth herein, the Debtor seeks relief

pursuant to Bankruptcy Code sections 105 and 365 for the entry of an order authorizing the

assumption of the Assumed Contract by the Debtor and permitting the Debtor to assign the

Assumed Contract to Edwards Washington, Inc.  The Debtor requests that the assumption and

assignment of the Assumed Contract shall be effective as of the date of the closing of the Sale.

I.      **Assumption of the Assumed Contract**

9.      Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in

possession, "subject to the court's approval, may assume or reject any executory contract or

unexpired lease of the debtor." 11 U.S.C. § 365(a).  The purpose behind allowing the assumption

or rejection of executory contracts or unexpired leases is to permit the debtor in possession to

maximize the value of its estate by exercising business judgment to assume contracts or leases

that are beneficial to the estate and to reject such contracts and leases that are not. *See, e.g., In re*

3

*Rickel Home Centers,* 209 F.3d 291, 298 (3d Cir. 2001).  Upon finding that a debtor has

exercised its sound business judgment in determining that the assumption of an executory

contract or unexpired lease is in the best interest of the estate, a bankruptcy court should approve

the assumption under § 365 of the Bankruptcy Code, provided that the debtor also demonstrates

that it can satisfy the statutory requirements for assumption under § 365 of the Bankruptcy Code,

if applicable. *See In re Quantegy, Inc.,* 326 B.R. 467, 470 (Bankr. M.D. Ala. 2005). The

Bankruptcy Code generally favors free assignability of contracts and leases as a means to

maximize the debtor's estate.

   10. Debtor's assumption of the Assumed Contract is (i) an exercise of its sound

business judgment, and (ii) in the best interests of Debtor's estate and creditors.  Additionally,

the assumption of the Assumed Contract is contemplated by the APA.

   11. The Assumed Contract has not expired and therefore is "executory" in nature.

Debtor has neither assumed nor rejected the Assumed Contract, but seeks to do so now in

accordance with the APA.

   12. Debtor meets the requirements set forth in Section 365 of the Bankruptcy Code.

According to § 365(b)(1), in order for a debtor to assume a contract or unexpired lease, the

debtor must (A) cure any existing defaults, or provide adequate assurance that the debtor will

promptly cure such default; (B) compensate or provide adequate assurance that the debtor will

promptly compensate the non-debtor party to such contract or lease, for any loss to such party

resulting from the default; and (C) provide adequate assurance of future performance under such

contract or lease.

   13. The Debtor is not if default of any of its monetary obligations under the Assumed

Contract and is not otherwise in default under the terms of the Assumed Contract.

14.    Edwards and/or Edwards Washington, Inc. has provided or will have provided the counterparties to the Assumed Contract (the "Contract Counterparties") with adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C), 365(b)(3) and 365(f)(2)(B).

15.    Edwards will cure any arrearage under the Assumed Contract in accordance with the terms of the APA.

16.    To the extent prior agreement and consent has not been reached between the parties, the Contract Counterparties shall be adequately assured of future performance by Edwards and/or Edwards Washington, Inc.

17.    In light of the foregoing, Debtor's assumption of the Assumed Contract should be allowed.

## II.    Assignment of the Assumed Contracts

18.    A debtor-in-possession may assign an executory contract or unexpired lease only if: "(A) the trustee assumes such contract or lease in accordance with [§ 365(b)]; and (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease." 11 U.S.C. § 365(f)(2). "What constitutes 'adequate assurance of future performance' must be determined by consideration of the facts of the proposed assumption." *In re Fleming Companies, Inc.,* 499 F.3d 300, 307 (3rd Cir. 2007) (internal citations and quotations omitted).

19.    Here, the Debtor seeks to assign the Assumed Contract in accordance with the APA.  As stated above, to the extent not already reached by agreement, Edwards and or Edwards

Washington, Inc. will provide the Contract Counterparties with adequate assurance of performance.

20.     Assurance of future performance as contemplated by § 365 is adequate if the facts indicate that it is simply more probable than not that the assignee will continue to perform under the contract or lease. *In re Prime Motor Inns, Inc.,* 166 B.R. 993, 997 (Bankr. S.D.Fla. 1994).

21.     The circumstances of the Debtor's proposed assignment of the Assumed Contract to a willing purchaser indicate that Edwards and/or Edwards Washington, Inc. will continue to perform under the Assumed Contract.  Additionally, Edwards has been in existence since the early 1980s and is currently the owner of a number of car dealerships in the region.

22.     Consequently, the Debtor submits that adequate assurance of future performance is provided with respect to the Assumed Contract as contemplated by § 365(f)(2)(B) and otherwise.  As such, Debtor's assignment of the Assumed Contract to Edwards Washington, Inc. should be allowed.

**WHEREFORE,** the Debtor respectfully requests that this Court consider this Motion without a hearing, or, in the event the Court deems a hearing necessary, set this Motion for hearing and thereafter enter an order authorizing the assumption and assignment of the Assumed Contract by the Debtor and ordering such other and further relief as this Court deems just and appropriate.

Respectfully submitted May 29, 2015


/s/ Bradley R. Kruse
Bradley R. Kruse
BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2460
Facsimile:   515-323-8560
E-mail:  kruse@brownwinick.com

ATTORNEYS FOR THE DEBTORS

CERTIFICATE OF SERVICE

On May 29, 2015, this document was served electronically on parties who receive

electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

*/s/ Bradley R. Kruse*