# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Case No. 14-02831-als
                                                               :
    GRETTER AUTOLAND, INC,                   :    Chapter 11
                                                               :
        Debtor.           :
---------------------------------------------------------------x

### OBJECTION OF GENERAL MOTORS LLC TO
### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN EXECUTORY CONTRACT WITH GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. SEC. 365

General Motors LLC ("GM"), counterparty to a Dealer Sales and Service Agreement (the "GM Dealer Agreement") with Gretter Autoland, Inc. ("Gretter" or the "Debtor"), hereby objects to *Debtor's Motion for Entry of an Order Authorizing the Debtor to Assume and Assign Executory Contract With General Motors LLC Pursuant to 11 U.S.C. Sec. 365* (Docket No. 169) (the "Motion to Assume and Assign Executory Contract").

The Court already decided the proper procedure to be followed in this litigation and the Debtor now wants to change that Court-ordered procedure. There is no basis for doing so. The Debtor claims that Edwards and/or Edwards Washington, Inc. has provided or will have provided GM with adequate assurance of the future performance of the assumed and assigned contract within the meaning of 11 U.S.C Sec. 365. Debtor states that to the extent prior agreement and consent has not been reached between the parties, GM shall be adequately assured of future performance by Edwards and/or Edwards Washington, Inc.

As of the date of the filing of this Objection, neither the Debtor nor Edwards and/or Edwards Washington, Inc. has been in contact with GM (other than the application process) regarding curing any arrearage under the contract to be assumed and then assigned nor providing

NAI-221516865v3

evidence of adequate assurance of the future performance of the assumed and assigned contract within the meaning of 11 U.S.C Sec. 365. Actually, Edwards has not yet provided all of the specific information requested by GM in regards to completing the application process as part of the standard review process.[1]

GM objects to the Motion to Assume and Assign Executory Contract on the grounds that the Debtor cannot sell the GM "franchises" or otherwise seek to assume and assign GM's Dealer Sales and Service Agreement ("Dealer Agreement") to the Purchaser without GM's authorization under the applicable Dealer Agreement between the Debtor and GM, under the asset purchase agreement at issue, and under applicable law.

In the automotive industry, the qualifications, experience, and abilities of any proposed new owner for a GM dealership is extremely important. For that reason, GM retains the right under the GM Dealer Agreement to approve any "change in Dealer Operator, a change in ownership, or a transfer of the dealership business or its principal assets to any person conditioned upon General Motors entering in a Dealer Agreement with that person." *See* GM Dealer Agreement § 12.2. If the Debtor makes any such change or transfer without GM's prior approval, then GM is permitted to immediately terminate the GM Dealer Agreement, and GM will have no further obligations under the agreement. *Id.* § 12.2.1. In determining whether to accept the Debtor's proposed change in Dealer Operator, change in ownership, or transfer, GM may consider "(a) the personal, business, and financial qualifications of the proposed dealer operator and owners, and (b) whether the proposed change is likely to result in a successful dealership operation with acceptable management, capitalization, and ownership which will provide satisfactory sales, service, and facilities . . ." *Id.* § 12.2.2.

---

[1] The Debtor also claims that it is not in default of any of its monetary obligations under the contract to be assumed and is not otherwise in default under the terms of the contact to be assumed. GM is not sure this statement is true, but would need to complete additional inquiry in order to make such a statement.

-3-

If the Debtor proposes to sell assets conditioned upon an assumption and assignment of the Dealer Agreement with GM or otherwise purports to sell any GM "franchises" to the Purchaser, then the proposed transfer would necessarily constitute a "change in ownership." This change in ownership is subject to section 12.2 of the GM Dealer Agreement, and accordingly, the sale cannot be completed without GM's consent.

Once the specific terms of the asset purchase agreement are established, it will be extremely important that any sale be subject to GM's evaluation process for any new owner. As part of that process, GM requires that any proposed new owner apply to GM for approval and provide detailed information regarding the candidate's experience, working capital, qualifications, proposed facilities, and many other factors that are part of the standard review process.

Accordingly, GM objects to the Motion to Assume and Assign Executory Contract on the grounds that the Debtor in its Motion purports to sell GM "franchises" to the Purchaser and/or to assume and assign the GM Dealer Agreement without GM's consent as required under the GM Dealer Agreement.

-4-

Dated: June 15, 2015                                      Respectfully submitted,


                                                          /s/ Dallas J. Janssen_____


                                                          Dallas J. Janssen
                                                          JANSSEN LAW OFFICE
                                                          700 Second Avenue, Suite 103
                                                          Des Moines, Iowa 50309-1712
                                                          Telephone: (515) 274-9161
                                                          Facsimile: (515) 274-1364
                                                          DJanssen@dwx.com

                                                          ATTORNEY FOR
                                                          GENERAL MOTORS LLC

                                                          OF COUNSEL:

                                                          Jeffrey J. Jones
                                                          Christopher M. Healey
                                                          JONES DAY
                                                          325 John H. McConnell Blvd., Suite 600
                                                          Columbus, OH 43215
                                                          Telephone: (614) 469-3939
                                                          Facsimile: (614) 461-4198
                                                          jjjones@jonesday.com
                                                          cmhealey@jonesday.com

## CERTIFICATE OF SERVICE

This document was served electronically on all parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing and by electronic mail on the following, and including all interested parties who will not be electronically mailed notice as listed on CM/ECF's notice of electronic filing:

Jeffrey J. Jones
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
jjjones@jonesday.com



  /s/    Dallas J. Janssen_____

NAI-221516865v3                                           -4-