IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Case No. 14-02831-als
                                                               :
    GRETTER AUTOLAND, INC,                             :    Chapter 11
                                                               :
                Debtor.                                    :
---------------------------------------------------------------x

**OBJECTION OF GENERAL MOTORS LLC TO
EDWARD'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9024 FOR CERTAIN RELIEF FROM ORDER OF MARCH 30, 2015
(DOCKET NO. 134)**

General Motors LLC ("GM"), counterparty to a Dealer Sales and Service Agreement (the "GM Dealer Agreement") with Gretter Autoland, Inc. ("Gretter" or the "Debtor"), hereby objects to *Edward's Motion Pursuant to Federal Rule of Bankruptcy Procedure 9024 for Certain Relief from Order of March 30, 2015* (Docket No. 134) (the "Motion for Relief from Order").

The Court already decided the proper procedure to be followed in this litigation and Edward now wants to change that Court-ordered procedure. There is no basis for doing so.

The majority of Edward's Motion is directed to Ford Motor Company ("Ford") and alleged "special preconditions" required by Ford. None of those allegations apply to GM. Moreover, nothing in Edwards' motion satisfies the requirements of Rule 60 (Relief From a Judgment or Order). There was no "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . (5) . . . or applying it prospectively is no longer equitable; or any other reason that justifies relief."

Similarly, Edwards cites to nothing that would warrant changing of the language in the Court's Order of March 30, 2015 (Docket No. 134), which correctly stated: "These contracts

NAI-221516865v3

cannot be transferred or assigned absent consent of these entities which will not be determined until the successful buyer is identified and vetted." The Court has already decided that the terms of the GM's Dealer Sales and Service Agreement ("Dealer Agreement") prohibits the Debtor from selling the GM "franchises" or otherwise seek to assume and assign the Dealer Agreement to the Purchaser without GM's authorization under the applicable Dealer Agreement between the Debtor and GM, under the asset purchase agreement at issue, and under applicable federal law.

In the automotive industry, the qualifications, experience, and abilities of any proposed new owner for a GM dealership is extremely important. For that reason, GM retains the right under the GM Dealer Agreement to approve any "change in Dealer Operator, a change in ownership, or a transfer of the dealership business or its principal assets to any person conditioned upon General Motors entering in a Dealer Agreement with that person." *See* GM Dealer Agreement § 12.2. If the Debtor makes any such change or transfer without GM's prior approval, then GM is permitted to immediately terminate the GM Dealer Agreement, and GM will have no further obligations under the agreement. *Id.* § 12.2.1. In determining whether to accept the Debtor's proposed change in Dealer Operator, change in ownership, or transfer, GM may consider "(a) the personal, business, and financial qualifications of the proposed dealer operator and owners, and (b) whether the proposed change is likely to result in a successful dealership operation with acceptable management, capitalization, and ownership which will provide satisfactory sales, service, and facilities . . ." *Id.* § 12.2.2.

If the Debtor proposes to sell assets conditioned upon an assumption and assignment of the Dealer Agreement with GM or otherwise purports to sell any GM "franchises" to the Purchaser, then the proposed transfer would necessarily constitute a "change in ownership." This change in ownership is subject to section 12.2 of the GM Dealer Agreement, and accordingly,

-3-

the sale cannot be completed without GM's consent.  In order to ensure that the proposed dealer meets all of GM's requirements, GM requires that any proposed new owner apply to GM for approval and provide detailed information regarding the candidate's experience, working capital, qualifications, proposed facilities, and many other factors that are part of the standard review process.

Accordingly, GM objects to the Motion for Relief from Order on the grounds that (1) the Debtor purports to sell GM "franchises" to the Purchaser and/or to assume and assign the GM Dealer Agreement without GM's consent as required under the GM Dealer Agreement, and (2) Edwards offers nothing to satisfy the requirements of Civil Rule 60 or otherwise demonstrate that any alleged pre-conditions should be considered unexpected.

Dated: June 19, 2015                      Respectfully submitted,

/s/ Dallas J. Janssen_____

Dallas J. Janssen
JANSSEN LAW OFFICE
700 Second Avenue, Suite 103
Des Moines, Iowa 50309-1712
Telephone: (515) 274-9161
Facsimile: (515) 274-1364
DJanssen@dwx.com

ATTORNEY FOR
GENERAL MOTORS LLC

OF COUNSEL:

Jeffrey J. Jones
Christopher M. Healey
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
jjjones@jonesday.com
cmhealey@jonesday.com

**CERTIFICATE OF SERVICE**

      This document was served electronically on all parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing and by electronic mail on the following, and including all interested parties who will not be electronically mailed notice as listed on CM/ECF's notice of electronic filing:

Jeffrey J. Jones
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
jjjones@jonesday.com

  /s/    Dallas J. Janssen_____