# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

-----------------------------------------------------------------x
                                                                 :
In re:                                                           :   Case No. 14-02831-als
                                                                 :
    GRETTER AUTOLAND, INC,                    :   Chapter 11
                                                                 :
    Debtor.                                   :
-----------------------------------------------------------------x

**INITIAL RESPONSE OF GENERAL MOTORS LLC TO**
**EDWARD'S SUPPLEMENTAL MOTION PURSUANT TO FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 9024 FOR CERTAIN RELIEF FROM ORDER OF**
**MARCH 30, 2015 (DOCKET NO. 198)**

General Motors LLC ("GM"), counterparty to a Dealer Sales and Service Agreement (the "GM Dealer Agreement") with Gretter Autoland, Inc. ("Gretter" or the "Debtor"), hereby objects to *Edward's Supplemental Motion Pursuant to Federal Rule of Bankruptcy Procedure 9024 for Certain Relief from Order of March 30, 2015* (Docket No. 198) (the "Supplemental Motion for Relief from Order").

The Court already decided the proper procedure to be followed in this litigation and Edward now wants to change that Court-ordered procedure. There is no basis for doing so.

Nothing in Edwards' supplemental motion satisfies the requirements of Rule 60 (Relief From a Judgment or Order). There was no "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . (5) . . . or applying it prospectively is no longer equitable; or any other reason that justifies relief."

GM is not imposing "special preconditions upon Edwards" as claimed in the Supplemental Motion. GM is imposing no conditions in its letter of conditional approval of Edward's purchase of the Gretter dealership that were not already in effect with the current

dealer, Gretter. Indeed, GM has asked nothing more than the purported buyer fulfill the same obligations that the current dealer is obligated to fulfill. The Buyer now claims that such obligations were somehow "unexpected," but that argument is groundless. The obligations already exist and are already set forth in agreements with the current dealer. A lack of due diligence on the part of the Buyer does not create "special preconditions" imposed upon them by GM in its normal course of business.

On or about January 8, 2008, Gretter entered into three agreements with GM that included the following agreements: (1) Exclusive Use Agreement, (2) Summary Agreement, and (3) Termination and Release Agreement. The agreements terminated a Gretter dealership in Keota, Iowa and authorized dealership operations in Washington, Iowa (the current dealership premises) with the authority to sell and service new Chevrolet vehicles. As part of the agreement, Gretter agreed to conduct GM-only dealership operations at a GM-only dealership facility for twenty-five (25) years and also provides that the exclusive use provisions will continue upon the sale of the dealership. These agreements clearly preclude the commingling of dealership operations on GM's dealership premises. The above referred to Agreements are confidential and GM plans to file for permission to file them under seal in the near future.

Basically, GM has provided a letter of conditional approval of Edward's purchase of the Gretter dealership as anticipated by all parties involved since the beginning of the sale process. I.C.A. 322A.12 regarding the sale or transfer of ownership of a franchise dealership does not apply to the terms of an Exclusive Use Agreement, wherein there had been separate consideration provided for said agreement. Nor can the buyer seek to "override" the dealer's existing obligations or the manufacturer's existing rights by way of their expedited motions.

-3-

**WHEREFORE**, GM respectfully requests as follows: (1) that GM be given notice of and sufficient time to object to Edward's Supplemental Motion Pursuant to Federal Rule of Bankruptcy Procedure 9024 for Certain Relief from Order of March 30, 2015 (Docket No. 198); (2) that GM be given notice of and sufficient time to submit and exchange exhibits and notification of witnesses prior to an evidentiary hearing, and (3) that the Court schedule an evidentiary hearing regarding this matter subsequent to the preliminary telephone hearing on June 24, 2015.

Dated: June 23, 2015                                                          Respectfully submitted,

                    /s/ Dallas J. Janssen

Dallas J. Janssen
JANSSEN LAW OFFICE
700 Second Avenue, Suite 103
Des Moines, Iowa 50309-1712
Telephone: (515) 274-9161
Facsimile: (515) 274-1364
DJanssen@dwx.com

ATTORNEY FOR
GENERAL MOTORS LLC

OF COUNSEL:

Jeffrey J. Jones
Christopher M. Healey
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
jjjones@jonesday.com
cmhealey@jonesday.com

**CERTIFICATE OF SERVICE**

      This document was served electronically on all parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing and by electronic mail on the following, and including all interested parties who will not be electronically mailed notice as listed on CM/ECF's notice of electronic filing:

Jeffrey J. Jones
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
jjjones@jonesday.com

  /s/    Dallas J. Janssen