## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Bankruptcy No. 14-02831-als11 |
| Gretter Autoland, Inc., | ) | |
| | ) | **UNITED STATES TRUSTEE'S MOTION TO** |
| Debtor(s). | ) | **CONVERT CHAPTER 11 TO CHAPTER 7** |

The United States Trustee for Region 12, through the undersigned Assistant United States Trustee, hereby moves the Court to allow amendment of his previously filed Motion to Dismiss and in support of said request alleges as follows:

**FACTUAL BACKGROUND**

1. Debtor, along with two of its wholly owned affiliates, filed a voluntary petition under Chapter 11 on December 1, 2014.

2. On December 31, 2014, the Debtor filed its first Motion to Sell Free and Clear Pursuant to Section 363(f) (Docket Item 50).

3. On January 7, 2015, the Office of the United States Trustee ("UST") filed its Notice Appointing Creditor Committee (Docket Item 58).  On February 4, 2015, the OUCC filed its Application to Employ Donald F. Neiman, Esq., Jeffrey D. Goetz, Esq. and the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C. as Counsel to the OUCC (Docket item 72), said Application being approved by Docket Text Only Order on March 3, 2015 (Docket Item 97).

4. The Court held a Bankruptcy Code Section 105(d) Status Hearing on February 10, 2015 and entered an Order deeming the Debtor's prior sale motion moot and ordered the Debtor to file a new sale motion by February 17, 2015.  (Docket Item 77).

5. On February 12, 2015, Ally Financial ("Ally"), the Debtor's largest secured creditor, filed its Motion for Relief from Stay (Docket Item 78).  Ally has obtained relief pursuant to its motion.

6. On February 17, 2015, the Debtor filed its Second Motion for Order Approving Sale of Substantially All of the Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances, and for

1

Other Related Relief (the "Second Sale Motion").  (Docket Item 84).  On February 18, 2015, the Court entered its Order setting the Second Sale Motion for hearing on March 27, 2015 at 9:00 a.m. in Courtroom 1 (Docket Item 87).

7.  On February 19, 2015, the UST filed its Objection to the Second Sale Motion.  (Docket Item 90).  On March 4, 2014, Washington State Bank filed a Response to the Second Sale Motion (Docket Item 98).  On March 17, 2015, the Debtor filed an Amendment to its Second Sale Motion, and attached an Asset Purchase Agreement (Docket Item 106).

8.  Filed contemporaneously with the Motion and as reinforced by the later filed Motion for Reconsideration (Docket Item 133), the OUCC called for the Court to order Debtor's case converted to chapter 7 within forty-eight (48) hours of consummation of the sale of Debtor's business.

9.  Based on the motion of the OUCC and in conjunction with a sale approved after a contested bidding procedure, the Court found that Debtor's Chapter 11 case should be converted to a case under Chapter 7 after consummation of any proposed sale.

10.  The sale of Debtor's property has been substantially delayed by motions filed by Debtor and the potential buyer alleging problems related to alleged unexpected requirements imposed by Ford Motor Company and General Motors.  As of a result of these delays as of the date of this Motion the buyer has not consummated the sale.

11.  On August 17, 2015, the United States Trustee was informed and believes and thereon alleges that the buyer, Edwards Auto Group, will not seek to consummate the sale.  Rather, based on continuing issues with Ford and GM, Edwards intends to revoke its offer to purchase and to seek refund of its $75,000 deposit.

**Authorities and Argument**

12.  Bankruptcy Code Section 1112(b)(1) states:

> Except as provided in Paragraph (2) and subsection (c), on request of a party in interest, and after notice and hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section

1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

13. The United States Trsutee is informed and believes and thereupon alleges that cause for conversion of the instant case exists under Bankruptcy Code Sections 1112(b)(4)(A), (B), (E) & (F). Specifically:

> A) There is a substantial and continuing loss to or diminution of the Bankruptcy Estate and there is no reasonable likelihood of rehabilitation, as evidenced by the Debtor's UST Monthly Operating Reports;
>
> B) Prior to and during the instant Bankruptcy Case, the Debtor engaged in gross mismanagement of the Bankruptcy Estate, as evidenced by the Debtor selling cars and trucks "out of trust";
>
> E) The Debtor has failed to timely pay its real estate property taxes;
>
> F) The Bankruptcy Estate is administratively insolvent;

14. 11 U.S.C. § 1112(b)(4) contains a nonexclusive list of "causes" for converting a chapter 11 case. See *In re Frieouf*, 938 F.2d 1099, 1102 (10th Cir. 1991) (noting that the list contained in § 1112(b)(4) is nonexhaustive). Whether "cause" exists to convert a case is a threshold issue. *In re Melendez Concrete Inc.*, No. 11–09–12334 JA, 2009 WL 2997920, at *3 (Bankr. D. N.M. 2009). With limited exceptions, Section 1112(b) mandates that the court dismiss or convert a chapter 11 case where "cause" exists within the purview of Section 1112(b)(1). See *In re Emergystat of Sulligent, Inc.*, No. 07–51394, 2008 WL 597613, at *5–6 (Bankr. E.D. Tenn. Feb.29, 2008); *Nester v. Gateway Access Solutions, Inc. (In re Gateway Access Solutions, Inc.)*, 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006).

15. If cause is established, the Court then considers whether "conversion or dismissal . . . [is in the] best interest of creditors and the estate." *In re American Capital Equipment, LLC*, 688 F.3d 145, 161 (3rd Cir. 2012).

16. Among the listed factors supporting conversion or dismissal under 11 U.S.C. § 1112(b) is § (4)(A)'s continuing loss or diminution of the estate in the absence of a reasonable likelihood of reorganization. The analysis under § 1112(b)(4)(A) contemplates a "two-fold" inquiry into whether the

estate has decreased in value and if there is a reasonably likelihood of rehabilitation[,] *In re v. Cos.*, 274 B.R. 721, 725–26 (Bankr. N.D. Ohio 2002). Because the statute is written in the conjunctive, both requirements must be satisfied. *In re BH S & B Holdings, LLC*, 439 B.R. 342, 347 (Bankr. S.D. N.Y. 2010).

17. With respect to the first prong, the focus is on "whether post-petition, the debtor has suffered or continued to experience a negative cash flow, or, alternatively, declining asset values[,]" *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 713–14 (Bankr. D. Md. 2011); see also *In re Westgate Props., Ltd.*, 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010) (requiring proof that the debtor "continues to incur losses or maintains a negative cash-flow position after the entry of the order for relief."); *Nester v. Gateway Access Solutions, Inc. (In re Gateway Access Solutions, Inc.)*, 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007) ("Negative cash flow and an inability to pay current expenses as they come due can satisfy the continuing loss or diminution of the estate standard for the purposes of § 1112(b).").

18. Debtor's monthly operating reports indicate the estate has been operating at a net operating loss. Ally Bank has been granted relief from stay allowing it to take possession of vehicles subject to its lien. Finally, with the failure of the sale, Debtor has been unable to obtain post-petition financing that would allow it to maintain an inventory of new vehicles for sale.

19. As to the second prong, "[t]he issue of rehabilitation for purposes of § 1112(b)(4)(A) 'is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort.'" *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009) (citations omitted); see also *Basil St. Partners, LLC*, 477 B.R. at 862 (same). "[R]ehabilitation does not necessarily denote reorganization, which could involve liquidation. Instead, rehabilitation signifies something more, with it being described as 'to put back in good condition; re-establish on a firm, sound basis.'" *Westgate Props., Ltd.*, 432 B.R. at 723 (quoting *V Cos.*, 274 B.R. at 725); see also *Landmark Atl. Hess Farm, LLC*, 448 B.R. at 714–15 ("[R]ehabilitation is not synonymous with reorganization and the determination is not whether a debtor can confirm a plan, but whether

the debtor has sufficient business prospects."); *BH S & B Holdings, LLC*, 439 B.R. at 347 (citation omitted) ("In this context, rehabilitation means to put back in good condition and reestablish on a sound basis."). See also, *Santa Fe Minerals, Inc. v. BEPCO, L.P.*, 386 B.R. 548, 552 (Bankr. D. Del. 2008) (rehabilitation means restoration of a business' viability; liquidation is not rehabilitation). Further, to meet the standard required for "reasonable reorganization, a plan for rehabilitation under Chapter 11 must be based on more than speculative data. *In re Schriock Constr. Inc.*, 167 B.R. 569, 576 (Bankr. D. N.D. 1994).

20. Here, Debtor attempted and failed, to sell the assets of the estate or to propose a plan of reorganization. Based on the failure of the sale to Edwards Auto Group as of the date of this Motion Debtor has no prospects for either a sale of its assets or a reorganization.

**Conversion versus Dismissal:**

21. The bankruptcy court retains discretion in determining conversion or dismissal is in the best interest of creditors and the estate. See *id.*; *In re Gilroy*, 2008 WL 4531982, 2008 Bankr.Lexis 3968. If the Chapter 11 case is devoid of "unusual circumstances", then the bankruptcy court must apply the Section 1112(b)(2) analysis to determine whether the Chapter 11 case is dismissed or converted.

22. After the moving party establishes that there is cause to dismiss or convert the case to Chapter 7, the court must choose between dismissal or conversion, "whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). The standard for choosing between conversion or dismissal based on "the best interest of creditors and the estate" implies application of a balancing test by the bankruptcy court. See *In re De Jounghe*, 334 B.R. at 770; *In re Staff Inv. Co.*, 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992). The legislative history shows that Congress intended to invest the bankruptcy court with "wide discretion . . . to make an appropriate disposition of the case" and "to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases." *In re De Jounghe*, 334 B.R. at 770, citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 406,

reprinted in 1978 U.S.C.C.A.N. 5963, 6361–62.

23. Based on their previous Motion, it is apparent that the OUCC prefers conversion over dismissal. Conversion would allow a trustee the opportunity to investigate potential "chapter 5" avoidance or fraudulent conveyance actions and to prosecute such actions on behalf of the estate. Further, conversion would allow the trustee to review the circumstances surrounding the failure of the buyer to pursue consummation of the sale and, if appropriate, to seek to retain for the estate proceeds from the buyer's deposit.

## CONCLUSION

24. The United States Trustee respectfully submits that cause has been established under 11 U.S.C. § 1112(b), sufficient to warrant dismissal of Debtor's case. Having established cause, and in the absence of any "unusual circumstances," the statute requires Debtor's case be dismissed or converted. As set out above, in accordance with the wishes of the OUCC, conversion rather than dismissal appears appropriate in this case. Thus, to prevent the further dissipation of assets, to protect the interests of creditors and to prevent further delay the court should, following notice and an opportunity for a hearing, convert Debtor's case to one under chapter 7.

WHEREFORE, based on cause as established in this motion, the United States Trustee respectfully requests the Court convert Debtor's chapter 11 bankruptcy, case no. 14-02831 to a case under chapter 7.

**Daniel M. McDermott**
United States Trustee
Region 12

By: /s/ James L. Snyder
**James L. Snyder**
Assistant U.S. Trustee
I.D. #IS9999967
210 Walnut Street, Room 793
Des Moines, IA  50309-2108
Ph:  (515)284-4982 / Fax:  (515) 284-4986
James.L.Snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that this document was sent to the parties shown below on August 18, 2015:

Parties receiving electronic service:

- James H Arenson    jarenson@arensonlaw.com
- Eric Benne    ebenne@lawyersburl.com, ldavis@lawyersburl.com,rbrockett@lawyersburl.com,ctarasewicz@lawyersburl.com
- Richard G Book    rbook@desmoineslaw.com
- Thomas M Byrne    tom.byrne@sutherland.com, maryanne.lamb@sutherland.com
- Donald H Cram    dhc@severson.com
- C Anthony Crnic    crnic@klatt-law.com, bsayer@klatt-law.com;bankruptcy@klatt-law.com
- Seth A Drucker    sdrucker@fosterswift.com
- Thomas L Flynn    tom.flynn@brickgentrylaw.com, alnemechek@gmail.com;lacey.vongxay@brickgentrylaw.com
- Robert C Gainer    rgainer@cutlerfirm.com, dtaff@cutlerfirm.com
- Duane M Geck    dmg@severson.com
- Jeffrey D Goetz    bankruptcyefile@bradshawlaw.com, goetz.jeffrey@bradshawlaw.com;cromer.pamela@bradshawlaw.com; warner.barbara@bradshawlaw.com
- Steven J Havercamp    shavercamp@slhlaw.com, skwood@slhlaw.com
- Wesley B. Huisinga    wbh@shuttleworthlaw.com
- Dallas J Janssen    djanssen@dwx.com, legast@dwx.com
- Bradley R Kruse    brk@brownwinick.com, tns@brownwinick.com
- Julie Johnson McLean    juliemclean@davisbrownlaw.com
- Donald F. Neiman    neiman.donald@bradshawlaw.com, cromer.pamela@bradshawlaw.com
- Gary A Norton    norton@whitfieldlaw.com, stephens@whitfieldlaw.com
- Eleanor M Roman    emr@severson.com
- Matthew V Rusch    mrusc@eslaw.com
- Tiernan T Siems    tsiem@eslaw.com
- H Raymond Terpstra    rterpstra@tewlaw.net, sbriley@tewlaw.net

Parties reflected listed below:

Gretter Autoland, Inc.
Gretter Chevrolet
Gretter Ford Mercury, Inc.
PO Box 947
Washington, IA 52353

Jeffrey J Jones
325 John H. McConnell Blvd.
Suite 600
Columbus, OH 43215

By:/s/ Shelly W. Fellner
**Shelly W. Fellner**
Legal Clerk
United States Trustee's Office