**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re<br><br>**GRETTER AUTOLAND, INC,**<br><br>Debtor | **Case No. 14-02831**<br><br>**Chapter 11**<br><br>**CREDITOR JAMES GRETTER'S REPLY IN SUPPORT OF HIS MOTION TO REDUCE GM's TIME TO RESPOND TO DISCOVERY REQUESTS** |

COMES NOW, Creditor James M. Gretter, *pro se*, and states the following as his Reply in Support of his Motion to Reduce GM's Time to Respond to Discovery Requests:

**I.  Post-trial Discovery in This Matter Concerning GM's False Declaration and Related Matter Is Permissible and Appropriate.**

GM argues that Creditor cannot seek discovery concerning GM's post-trial false declaration because such discovery would occur post-trial. To the extent GM's argument has any merit, which it does not, GM waived the right to rely on such argument when it affirmatively sought to offer post-trial evidence and then proceeded to (1) offer a false declaration, (2) double-down on the false declaration after it was put on notice of the issues with the declaration, and (3) conveniently wait to withdraw the false declaration (a) **eighteen days** after it was put on notice of the issues with the declaration (b) **six days** after the Court cancelled the telephonic hearing previously set on the parties' motions to submit post-trial evidence, and (c) **one day** after the Court ruled on Debtor's Motion to Assume and Assign. To add insult to the very real injury caused by GM and its counsel's actions, GM has the audacity to seek the Court's commendation for its actions. (See GM's 9/24/15 Obj. 11 n.5 "GM's voluntary disclosure is commendable, not a basis for threatened 'sanctions.'")

GM does raise an interesting point concerning the timeline of events in this matter, and specifically the relationship between the hearing on Debtor's Motion to Assume and Assign, GM's introduction of a plethora of new and greatly expanded arguments in its post-trial brief, GM's post-trial submission of a false declaration, and Edwards' alleged recalcitrance to conclude its purchase of Debtor's assets. Given the foregoing, the appropriate course of action is not, as GM suggests, simply to throw up one's hands, allow bad law stand, and let misdeeds go unpunished. This Court should wipe the slate clean and start afresh with Debtor's Motion to Assume and Assign.

"Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006), *see also Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."), *In re Papadopoulos*, No. 12-13125 (JLG), 2015 WL 1216541, at *2 (Bankr. S.D.N.Y. Mar. 13, 2015) (citing *Dove* with approval), *In re Jamesway Corp.*, 203 B.R. 543, 545 (Bankr. S.D.N.Y. 1996) (A "motion for 'reargument' is properly in the nature of a motion for a new trial or for the amendment of a judgment pursuant to Fed.R.Civ.P. 59.), 10 Collier on Bankruptcy ¶ 9023.04 (15th ed. rev. 2008) ("Any motion that draws into question the correctness of the judgment is functionally a motion under Rule 9023, whatever its label. Thus a motion to 'reconsider,' 'for clarification,' to 'vacate,' to 'set aside' or to 'reargue' is a motion under Rule 9023 . . . ."). A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Fed. R. Bankr. P. 9023. "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). "After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion." Fed. R. Civ. P. 59(d).

The Court should treat Creditor's 8/31/15 Motion as a Motion for a New Trial Pursuant Rule 59.[1]  As noted in *Allendar*, the nature of a post-trial motion seeking relief from a judgment "depends upon the time in which the motion is filed" *Allender,* 439 F.3d at 1242.  Here, Creditor filed his motion within 14 days of the Court's ruling on Debtor's Motion to Assume and Assign. Accordingly, the Court should treat it as a motion for a new trial or to alter or amend judgment pursuant to Federal Rule of Bankruptcy Procedure 9023.  Creditor's 8/31/15 Motion specifies with particularity the grounds for which a new trial or relief form the Court's judgment would be appropriate.  It is apparent that the hearing was conducted and evidence was offered on the mistaken assumption that Debtor's alleged defaults under the numerous agreements it entered into with GM did not need to be considered in light of Iowa's Motor Vehicle Franchise Act, as amended in 2010, and the protections afforded to dealers therein.

---

[1] When Creditor prepared his 8/31/15 Motion, he had yet to receive a recording of the hearing on Debtor's Motion to Assume and Assign.  It was not until Creditor listened to the recording of the hearing and noticed GM's peculiar change in terminology in its filings with the Court from the "post-trial" to "post-trial" that relief may be available in this matter pursuant to Rule 9023. C*ompare* GM's 7/31/15 brief captioned "General Motors LLC's **Post-Hearing** Brief . . ." (emphasis added) *with* GM's 9/24 Objection, p.5 "Accordingly, there is no basis for the Creditor's **post-trial** discovery." (emphasis added).

3

Vacating the judgment and starting afresh with Debtor's Motion to Assume and Assign is also appropriate in light of GM's argument that these issues are moot because of Edwards' alleged refusal to perform under the APA. Creditor first notes that GM's mootness argument is wrong as a matter of law of fact. Just because Edwards unilaterally declared the APA is terminated does not make it so. Further, the Court's ruling would continue to be binding on Debtor should a subsequent party attempt to purchase Debtor's assets in the bankruptcy proceeding. However, if the Court concludes that the issues raised in Debtor's Motion to Assume and Assign are now moot, the Court should vacate its ruling pursuant to Rule 9023 for the reasons stated in Creditor's 8/31/15 Motion and address the mootness question in the context of Debtor's Motion to Assume and Assign.[2]

## II. Briefing on a Motion to Reduce Time to Respond to Discovery is Not the Appropriate Means to Challenge the Legal Sufficiency of a Rule 9024 Motion.

GM also argues that discovery should not be allowed because Creditor's Motion to Reconsider Pursuant to Rule 9024 fails as a matter of law and that Creditor does not have standing. There is a place, time, and procedure to challenge the legal basis for a motion pursuant to Rules 9023 and 9024 and the standing of a party bring such a motion; a response to motion reduce time to respond to discovery requests is none of those.

## III. GM's Allegations Concerning Creditor's Actions to Arrange for the Sale of Real Estate Held Outside Debtor's Estate Are Nothing More than an Attempt to Create a False Equivalency between GM and Creditor.

It is becoming increasingly apparent that an amicable resolution, and the means by which parties achieve such an objective, is a foreign concept to counsel for GM. Yes, Creditor agreed

---

[2] Creditor notes that he will more fully address GM's mootness argument in a reply to GM's Objection's to Creditor's 8/31/15 Motion.

to drop his 8/31/15 Motion if Creditor and GM could reach an agreement on how to proceed going forward. This is what parties do when they settle a dispute; they agree to stop prosecuting claims and defenses.

With respect to GM's use of correspondence between GM and Creditor to disprove the viability of Creditor's claims, Creditor objects to such use on the same basis Creditor set forth in his motions to strike the U.S. Trustee's Objections and incorporates those arguments herein. However, Creditor notes that upon a full reading of Creditor's 9/7/15 correspondence to counsel for GM, it is exceedingly clear that Creditor did not intend for any of Debtor's assets to be included in the proposed sale, as demonstrated by Creditor's discussion of a **new GM franchise** for the prospective purchaser. Rather than demonstrating untoward actions on the part of Creditor, GM's unbecoming use in these proceeding of correspondence discussing the possibility of settlement and its deceptive arguments based thereon is but one more example of GM's representations to the Court being revealed as groundless and misleading upon the slightest bit of scrutiny.

**WHEREFORE**, Creditor James Gretter respectfully requests that this Court enter an Order granting the relief sought in his Motion to Reduce GM's Time to Respond to Discovery Requests and provide such additional relief the Court deems just and proper.

> */s/ James M. Gretter*
> JAMES M. GRETTER ID No. IS9997631
> 1200 Main St., Ste. 2200
> Kansas City, Missouri 64105
> Telephone: (816) 472-7474
> Facsimile: (816) 472-6262
> Email: jgretter@fwpclaw.com
> ***PRO SE* CREDITOR**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies under penalty of perjury, that a copy of his document was served electronically on all parties who receive electronic notice through CM/ECF on this 25th day of September, 2015.

                                              */s/ James M. Gretter*